UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CODY ALLGEIER | ) | |
| | ) | |
| | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CASE NO. **3:15CV-798-GNS** |
| | ) | |
| DRAFTKINGS, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FANDUEL, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332 and 1367, Defendant DraftKings, Inc. (hereafter "DraftKings"), hereby removes this action—with reservation of all defenses and rights, including but not limited to its right to compel Plaintiff to submit his claims to arbitration—from the Circuit Court of Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division.  As grounds for this removal Defendants show the Court as follows:

I.    BACKGROUND

1.    Plaintiff Cody Allgeier filed this putative nationwide class action lawsuit in the Circuit Court of Jefferson County, Kentucky, Case Number 15-CI-05158 (the "State Court Action").  Defendant DraftKings, Inc. was served with the State Court Action on October 16, 2015.  DraftKings is not aware of whether Plaintiff has served Defendant FanDuel, Inc. ("FanDuel").

2.     Plaintiff filed the State Court Action purportedly on behalf of "[a]ll persons in the United States who deposited money into a DraftKings account before Oct[ober] 6, 2015 and competed in any contest where other entries were made by employees from DraftKings, FanDuel, or any other DFS [Daily Fantasy Sports] site." (Compl. ¶ 61).

3.     Plaintiff alleges that he participated in paid fantasy sports contests on DraftKings's website.  (*Id.* ¶ 39.)

4.     Plaintiff asserts that DraftKings and FanDuel allowed employees of other Daily Fantasy Sports ("DFS") sites to enter fantasy sports contests on DraftKings' and FanDuel's respective websites, and that the employees of other DFS sites used "material, non-public, valuable data and information" in connection with their participation in contests on DraftKings' and FanDuel's sites.  (*Id.* ¶ 8.)  This information allegedly gave the employees of other DFS sites an advantage over other DFS players.  (*Id.* ¶ 22.)

5.     Plaintiff further claims that, had he known DraftKings and FanDuel "allow[ed] employees of [other] DFS sites to play against" him, he and the putative class members "would not have played" on DraftKings' or FanDuel's websites.  (*Id.* ¶ 37.)

6.     Based on DraftKings' and FanDuel's alleged failures to prevent other DFS employees from entering contests on their respective websites, Plaintiff claims that both defendants are liable under theories of negligence, fraud, violation of Kentucky's Consumer Protection Act, civil conspiracy, and unjust enrichment.  Plaintiff seeks a full refund of all money paid to Defendants, punitive damages, and attorney's fees.  The Complaint also seeks "out-of-pocket expenses attendant to shelter in place."  (Compl. at 21.)

7.      This Court has subject matter jurisdiction over this action and all claims asserted against DraftKings pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

8.      Because this Court has subject matter jurisdiction over this action, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 97(a) and 1441(a) because the United States District Court for the Western District of Kentucky Louisville Division is the federal judicial district embracing the Circuit Court of Jefferson County, where the State Court Action was filed.

10.     This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after October 16, 2015, the date on which DraftKings was served.  DraftKings is unaware of whether FanDuel has been served.

11.     Pursuant to 28 U.S.C. § 1453(b), for purposes of removal under CAFA, FanDuel is not required to consent to this Notice of Removal.

12.     Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon DraftKings as of the date of this filing are attached as Exhibit "A."

13.     Pursuant to 28 U.S.C. § 1446(d), DraftKings has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a Notice of Filing of Notice of Removal in the Circuit Court of Jefferson County, Kentucky.  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "B."

II.     JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

14.     This Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to CAFA, 28 U.S.C. § 1332(d).

15.     The Class Action Fairness Act applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under the Act because it was brought under a state statute or rule, namely Kentucky Rule of Civil Procedure 23.01, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 52.

16.     Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of the state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

17.     This action satisfies all the requirements under CAFA for federal jurisdiction.

18.     The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class is a citizen of a state different from that of any defendant.  Here, the named Plaintiff and proposed class representative is a citizen of Kentucky.  (Compl. ¶ 11.) Plaintiff further seeks to represent a class of "all persons in the United States who deposited money into a DraftKings account before Oct[ober] 6, 2015."  (*Id.* ¶ 61.)  DraftKings is a Delaware corporation and has its principal place of business in Massachusetts.  (*Id.* ¶ 12.) FanDuel is incorporated in Delaware and has its principal place of business in New York.  (*Id.*

¶ 13.)  Because the proposed class representative and several members of the proposed class are citizens of states different from Defendants, the minimum diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

19.     The putative class contains at least 100 class members.  Plaintiff alleges that there are "millions of users" who compete on DraftKings' and FanDuel's respective websites. Accordingly, the requirement that the putative class contain at least 100 class members is satisfied.

20.     The amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs.  In addition to punitive damages and attorney's fees, Plaintiff seeks "a full refund of all money paid to Defendants" to enter fantasy sports contests on their respective websites.  (Compl. at 21.)  Plaintiff's request for a "full refund" places more than $5,000,000 in controversy, as entry fees on DraftKings' website exceeded that amount during the class period.   Furthermore, Plaintiff claims that "DraftKings employees have won at least $6,000,000 playing at FanDuel." (*Id.* ¶ 28.)  Because Plaintiff also seeks punitive damages and attorneys' fees, there is no question that the amount in controversy requirement has been met.

21.     While there are exceptions to federal subject matter jurisdiction set forth in 28 U.S.C. §§ 1332(d)(4)(A) and (B), the burden of proving these exceptions falls upon Plaintiff.  As explained in Senate Report 109-14 regarding CAFA, "it is the intent of the committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court.  Allocating the burden in this manner is important to ensure that the named plaintiff(s) will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure the citizenship of class members."  Senate Report at p. 43; *see also Brown v.*

*Paducah & Louisville Ry., Inc.*, 2013 U.S. Dist. Lexis 132608, at *5 (W.D. Ky. Sep. 17, 2013) ("As the party seeking to defeat federal jurisdiction, the plaintiff bears the burden of establishing the applicability of an exception by a preponderance of the evidence.")

22.     Plaintiff cannot establish that any of the CAFA exceptions to federal jurisdiction applies in this action.

23.     Because CAFA confers federal subject matter jurisdiction over this action and no exception to the court's jurisdiction applies here, this action should remain in federal court.

WHEREFORE, for the reasons set forth above, Defendant DraftKings requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

/s/ Christopher W. Brooker
K. Gregory Haynes
Mitzi D. Wyrick
Christopher W. Brooker
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
(502) 589-5235
(502) 589-0309
ghaynes@wyattfirm.com
mitziwyrick@wyattfirm.com
cbrooker@wyattfirm.com

*Counsel for Defendant DraftKings, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed this 22nd day of October, 2015 with the Clerk using the Court's CM/ECF system. The undersigned further certifies that a copy of the foregoing Notice of Removal was served upon Counsel for Plaintiff: Jasper D. Ward IV and Alex C. Davis, 312 S. Fourth Street, Sixth Floor, Louisville, Kentucky 40202; and upon FanDuel Inc., 19 Union Square West, 9th Fl., New York, New York 10003, via U.S. mail, postage prepaid, this 22nd day of October, 2015.

/s/ Christopher W. Brooker
Christopher W. Brooker
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
(502) 589-5235
(502) 589-0309
cbrooker@wyattfirm.com

*Counsel for Defendant DraftKings, Inc.*

61415007.1